39 F.3d 1179
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dexter Aloysius FORDE, a/k/a George Smith, Defendant-Appellant.
 No. 93-5665.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 22, 1994.
Decided Nov. 7, 1994.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-46)
 Gregory Bruce Park, Goodman, Carr, Nixon, Laughrun & Levine, Charlotte, NC, for appellant.
 Jerry W. Miller, U.S. Atty., Robert J. Higdon, Jr., Asst. U.S. Atty., Charlotte, NC, for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dexter Aloysius Forde appeals from the district court's entry of judgment against him for violation of federal drug laws. We affirm.
 
 
 2
 Forde contends that the district court erred in its admission of statements of a nontestifying declarant proffered by Forde's codefendant, Telitta Franklin. Franklin testified before the district court and, later, before the jury, about her meeting with Peter Rose and Forde in a van. During that meeting Rose spoke with Franklin about transporting drugs for him. These statements are those to which Forde objected. During Rose's conversation with Franklin, Forde handed Franklin a plane ticket. She used that ticket later that day to travel, carrying cocaine, with Forde from New York to North Carolina. Rose told Franklin that Forde would "take care" of her just prior to her exiting the van. Forde traveled with Rose, telling here where to go and what to do during the transportation of the cocaine.
 
 
 3
 In United States v. Blevins, 960 F.2d 1252 (4th Cir.1992), we held statements of nontestifying coconspirators admissible as nonhearsay pursuant to Fed.R.Evid. 801(d)(2)(e) where the district court concluded on a preponderance of the evidence that (1) there was a conspiracy between the declarant and the defendant, and (2) the statements were made during and in furtherance of the conspiracy. Id. at 1255 (citation omitted). We review the underlying factual findings for clear error and the admission of the statements for abuse of discretion. Id. The district court did not clearly err in finding that Forde and Rose conspired to cause the transportation of the cocaine by Franklin. Forde was present while the conspiracy with Franklin was perfected and he handed Franklin the ticket she used to transport the drugs. Further, he accompanied her on the trip and told her what to do during the trip. Moreover, the district court did not clearly err in finding that the statements Rose made to Franklin were made in furtherance of the conspiracy.* Therefore, the admission of those statements was not an abuse of discretion.
 
 
 4
 We find no error in the admission of Rose's statements. Forde alleges no other error. We affirm the district court's entry of judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Appellant does not contend on appeal that the statements were not in furtherance of the alleged conspiracy